UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
STEVEN JOSEPH PELLETIER,          :
       Plaintiff,                 :
            vs.                   :       No. 3:11cv1795(WIG)
MICHAEL J. ASTRUE,                :
Commissioner of Social Security,
                                  :
       Defendant.
-------------------------------------------------X
```

RULING ON PENDING MOTIONS

Plaintiff, Steven Joseph Pelletier, has filed this appeal of the final decision of the Commissioner of Social Security denying his application for Social Security disability insurance benefits. Pending before the Court are Plaintiff's Motion for Judgment on the Pleadings [Doc. # 9] and Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Reversal and Remand of the Cause to Defendant [Doc. # 11]. Plaintiff opposes Defendant's motion to the extent that Defendant seeks to remand this cause for anything other than a calculation of benefits and relies on his memorandum [Doc. # 10] in support of his opposition to Defendant's motion.

Here, Defendant has determined that remand of this case is necessary for further administrative proceedings, which would require the ALJ to cite the medical opinion evidence in support of her residual functional capacity finding, to re-evaluate the opinions of Dr. Farnsworth, Plaintiff's primary treating psychiatrist, and explain the weight given to those opinions, to explain the weight given to the state agency opinions, as required by Social Security Ruling 96-

1

6p, and to re-evaluate Plaintiff's credibility in accordance with Social Security Ruling 96-7p. Plaintiff, on the other hand, agrees that a remand is necessary but asks this Court to remand solely for a calculation of benefits.

Under sentence four of 42 U.S.C. § 405(g), the Court has the power to enter a judgment with a reversal and remand of the cause to the Commissioner for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 297 (1993); *Melkonyan v. Sullivan*, 501 U.S. 89, 98 (1991). "When there are gaps in the administrative record or the ALJ has applied an improper legal standard, we have, on numerous occasions, remanded to the [Commissioner] for further development of the evidence." *Parker v. Harris*, 626 F.2d 225, 235 (2d Cir. 1980). However, when the Court has "no apparent basis to conclude that a more complete record might support the Commissioner's decision [denying benefits], we have opted simply to remand for a calculation of benefits." *Rosa v. Callahan*, 168 F.3d 72, 83 (2d Cir. 1999). Thus, in *Kiely v. Astrue*, No. 3:10CV1079(MRK)(WIG), 2011 WL 5078620, at *3 (D. Conn. Oct. 25, 2011), this Court remanded a case solely for the calculation of benefits where the ALJ had reached step five in the sequential evaluation process, *see* 20 C.F.R. § 404.1520, and had already obtained vocational expert testimony that there were no jobs existing in large numbers in the national economy for someone with the plaintiff's limitations. S*ee also Cole-Lessard v. Astrue*, No. 3:07cv1741(SRU)(WIG), 2009 WL 1588551, at *24 (D. Conn. Apr. 30, 2009) (remanding a case solely for a calculation of benefits where there were no gaps in the administrative record and no purpose would be served by a rehearing). However, in *Bathrick v. Astrue*, No. 3:11-CV-0101(VLB)(TPS), 2012 WL 1069108, at *5 (D. Conn. Mar. 9, 2012), *adopted in part by* 2012 WL 1068985 (D. Conn. Mar. 29, 2012), this Court held that, where further administrative

proceedings were required due to the ALJ's failure to properly develop the record, a remand solely for a calculation of benefits was not appropriate. Likewise in *Payne v. Astrue*, No. 3:10-cv-1565(JCH), 2011 WL 2471288, at *8 (D. Conn. June 21, 2011), this Court held that the case would not be remanded solely for the calculation of benefits where the record was incomplete due to the absence of a medical opinion addressing the full range of diagnostic tests performed during the relevant time period.

Here, Plaintiff contends that the ALJ failed to explain how much weight she gave to the opinion of Plaintiff's primary treating psychiatrist, Dr. Farnsworth, and to the records of Mr. Harmon, APRN. (Pl.'s Mem. at 14). Defendant agrees. In *Burgess v. Astrue*, 537 F.3d 117, 130, 132 (2d Cir. 2008), the Second Circuit held that the ALJ's failure to provide good reasons for not crediting the opinion of the plaintiff's treating doctor was a ground for remand but not an outright reversal of the denial of benefits, because there was some evidence in the record that might be viewed as contradicting the opinion of the treating doctor. This was a matter that the ALJ was instructed to address on remand. *Id.*

Plaintiff also argues that the ALJ's credibility assessment did not comport with the requirements of 20 C.F.R. § 404.1529(c)(4). (Pl.'s Mem. at 18-20). Defendant agrees. In *Rosa*, the Second Circuit held that, where the ALJ did not provide sufficient reasons for finding that the plaintiff's testimony concerning the extent of her pain was not fully credible, a remand was appropriate for the reconsideration of the plaintiff's credibility. 168 F.3d at 82.

Plaintiff maintains that the ALJ erred in not calling a vocational expert to testify and relying instead on the Medical-Vocational Guidelines. (Pl.'s Mem. at 16-18). While Defendant does not concede this point, this would constitute a gap in the record for which a remand for

3

further proceedings would be required.  In *Butts v. Barnhart*, 416 F.3d 101, 104 (2d Cir. 2005), the Second Circuit held that a remand for further development of the record was appropriate when the testimony of a vocational expert was needed at the fifth step in the sequential evaluation process, a point at which the burden of proof had shifted to the Commissioner.

Plaintiff also criticizes the SSA for not ordering a consultative examination prior to the administrative hearing.  (Pl.'s Mem. at 18).  According to Defendant, the SSA had scheduled a consultative examination, but Plaintiff failed to confirm that he would attend, and thus the appointment was cancelled.  (Def.'s Mem. at 6).  Regardless of whose position is factually correct, this would again constitute a gap in the record for which further administrative proceedings would be required.

Accordingly, the Court finds that a remand for further administrative proceedings is warranted.  On remand, the ALJ should cite the medical opinion evidence in support of her residual functional capacity finding; re-evaluate the opinions of Plaintiff's treating doctors, including Dr. Farnsworth, and explain the weight given to those opinions; explain the weight given to the state agency opinions, as required by Social Security Ruling 96-6p; re-evaluate Plaintiff's credibility in accordance with Social Security Ruling 96-7p; and, if the ALJ deems it necessary, obtain a consultative examination of Plaintiff and testimony of a vocational expert.

## Conclusion

Therefore, the Court GRANTS Defendant's Motion for Entry of Judgment Under Sentence Four of 42 U.S.C. § 405(g) With Reversal and Remand of the Cause to Defendant [Doc. # 11], and GRANTS Plaintiff's Motion for Judgment [Doc. # 9] to the extent set forth in this Ruling, but DENIES it insofar as Plaintiff seeks a remand solely for the calculation of

benefits.

This is <u>not</u> a Recommended Ruling.  The parties have consented to the entry of a final order in this case by a U.S. Magistrate Judge, without the need for entry of a recommended ruling and review by a U.S. District Judge.

Accordingly, it is ordered that Judgment enter in favor of Plaintiff and that this matter be remanded to the Commissioner for further administrative proceedings consistent with this Ruling.

SO ORDERED, this   9th    day of August, 2012, at Bridgeport, Connecticut.


　　　　　　　　　　　　　　　　　　　　　　 /s/ *William I. Garfinkel*　　　　　　
　　　　　　　　　　　　　　　　　　　　　　WILLIAM I. GARFINKEL
　　　　　　　　　　　　　　　　　　　　　　United States Magistrate Judge